IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-35-BO

| | |
|---|---|
| JIMMY CAMERON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

This matter is before the Court on petitioner's motion for preparation of a stenographic transcript [DE 143] and petitioner's motion for leave to proceed in forma pauperis [DE 144]. For the reasons stated herein, petitioner's motions are DENIED.

## BACKGROUND

On December 13, 2012, petitioner pled guilty, with the benefit of a plea agreement, to one count of conspiracy to distribute 500 grams or more of cocaine. [DE 105]. On March 7, 2013, the Court sentenced petitioner to 60 months; imprisonment and 5 years; supervised release. [DE 133]. On April 25, 2014 petitioner filed a motion requesting copies of the transcript of his Rule 11 hearing without payment of fees. [DE 143]. On May 2, 2014, petitioner filed the form to proceed *in forma pauperis* without prepaying fees or costs. [DE 144]. The government opposes the motions. [DE 147].

## DISCUSSION

"[T]he Fourth Circuit requires indigent defendants to show a 'particularized need'" for requested documents. *United States v. Holloman*, 2013 U.S. Dist. LEXIS 99748, *4 (E.D.N.C. Jul. 17, 2013); *Jones v. Superintendant, Va. State Farm*, 460 F.2d 150, 152–53 (4th Cir. 1972).

An indigent is not entitled to a transcript at government expense in order to "merely [] comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Here petitioner indicated that his motion was to see if any "possible errors" were committed during his Rule 11 hearing. [DE 143]. Petitioner's motion to proceed *in forma pauperis* is just a reiteration of the request for transcripts free of charge. [De 144]. Petitioner has not provided any justification to receive the requested documents at government expense. He has not made a showing of what he believes appears in the documents he requests and appears to merely seek to "comb the record" in search of "possible errors." Accordingly, his motion is denied at this time. Petitioner is entitled to obtain the documents he seeks at his own expense, but not at the government's.

## CONCLUSION

For the foregoing reasons, petitioner's motions are DENIED.

SO ORDERED.

This the 2 day of June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE