IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-35-3BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JIMMY CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on defendant's motion for clarification of sentence [DE 150]. For the following reasons, defendant's motion is DENIED.

## BACKGROUND

Defendant, Mr. Cameron, was arrested by the state of North Carolina on July 27, 2011, for trafficking in cocaine by possession and trafficking in cocaine by transportation. Mr. Cameron was sentenced by the state of North Carolina on March 24, 2012, to 35 to 45 months in the custody of the North Carolina Department of Corrections. He was subsequently indicted in this Court, and was brought to court on a writ of habeas corpus *ad prosequendum*. On March 7, 2013, this Court sentenced defendant to sixty months' imprisonment for conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine. The judgment of conviction contains no wording related to the state sentence defendant was serving at the time he was taken into federal custody. Mr. Cameron thus asks the Court modify the judgment to "clarify" that his federal sentence was to run concurrently with his state sentence or modify the sentence to one not greater than the Court "intended" at the time of sentencing.

## DISCUSSION

It is undisputed that defendant was in state custody at the time he was indicted in federal court and that he was transferred into federal custody for federal prosecution. Defendant was

sentenced in this Court, after his arrest by the state, pursuant to a federal writ of habeas corpus *ad prosequendum*. When produced on such a writ, a defendant's sentence does not begin to run— "[r]ather, the state retains primary jurisdiction over the prisoner and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998); *see also United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008) (writ *ad prosequendum* merely loans a prisoner to federal authorities and does not effectuate a change in custody). As a result, there is nothing to clarify.

In the alternative, defendant requests that the Court apply the factors laid out in 18 U.S.C. § 3553(a) to "tailor a sentence that is not greater than what was intended by this court as appropriate and just punish [sic]". Federal Rule of Criminal Procedure 35(a) provides the only authority for the district court to correct or change Mr. Cameron's sentence. 18 U.S.C. § 3582(b), (c); *see also United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009). Rule 35(a) limits modification of sentences to "[w]ithin 7 days after sentencing, [t]o correct a sentence that resulted from arithmetical, technical, or other clear error." Mr. Cameron did not make his motion within seven days of his sentencing, nor was the sentence a result of any error. Accordingly, defendant's motion is not properly before the Court.

## CONCLUSION

For the foregoing reasons, defendant's motion is DENIED.

SO ORDERED, this **3** day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2