IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-35-3BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JIMMY CAMERON | ) | |

This matter is before the Court on defendant's motions requesting early termination of his term of supervised release. The government has responded, and the matters are ripe for ruling.

After pleading guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846, defendant was sentenced on March 7, 2013, to a term of sixty months' imprisonment and five years of supervised release. [DE 134]. In four motions filed with the Court, defendant has requested early termination of his supervised release so that he may attend community college classes and take his mother to appointments, and because he feels that his having to serve both a state and federal sentence violates double jeopardy. Defendant's current release date from the Bureau of Prisons is March 1, 2019. *See* https://www.bop.gov/inmateloc/ (last visited April 3, 2018).[1]

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553. Second, the Court may terminate supervised release only "if it is satisfied that

---

[1] Defendant was serving a state sentence until October 26, 2014. [DE 171-1].

such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

Because defendant is still serving a term of imprisonment, he has failed to satisfy the first requirement of § 3583(e) – that he have completed one year of supervised release – and his requests for early termination are premature.[2] His motions [DE 164, 165, 172, 174] are therefore DENIED WITHOUT PREJUDICE.

SO ORDERED, this ___ day of April, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also relies on Fed. R. Civ. P. 60(b) in his request to modify his term of supervised release, but the civil procedure rules are not applicable to criminal judgments *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998); *United States v. Corrigan*, 557 F. App'x 212 (4th Cir. 2014).