IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-35-3BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JIMMY CAMERON ) | |

This matter is before the Court on defendant's motion for early termination of supervised release. [DE 177]. The Court recently held in its order entered April 4, 2018, [DE 176],[1] that defendant's requests for early termination of his term of supervised released under 18 U.S.C. § 3583(e)(1) were premature as defendant is still serving a sentence of incarceration.

In the instant motion, defendant states that he would like to have the eligibility to go through other options while on supervised release, and that he "properly opposes the 3583-E-1 motion for early termination of supervised release." [DE 177]. Defendant appears primarily concerned with his ability to travel within and leave the state while on supervised release. The Court thus construes defendant's motion as a motion to modify the terms of his supervised release pursuant to 18 U.S.C. § 3583(e)(2), which provides that, at any time prior to the expiration or termination of the term of supervised release, a court may modify the conditions of supervised release after considering the appropriate factors.

As a term of defendant's supervised release, he will be unable to leave the judicial district or other specified area without the permission of the Court or the probation officer. [DE 134].

---

[1] The Court incorporates by reference as if fully set forth herein the factual background of its prior order.

Although defendant has argued that he will need to leave the district from time to time in order to aid his elderly parents, his motion fails to set forth a sufficiently specific factual basis for requiring a modification to this term of his supervised release. The Court finds that any modification to allow for defendant to travel while on supervised release would be better addressed once defendant has been released from his active sentence and has had an opportunity to meet with the United States Probation Office.

Accordingly, the Court DENIES defendant's latest motion [DE 177] without prejudice.

SO ORDERED, this 63 day of June, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE